**FILED**

**December 6, 2016**

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 7:20 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| Bart C. Munyan, | ) | Docket No.: 2015-01-0255 |
|     Employee, | ) | |
| v. | ) | |
| PCL Industrial Construction Co., | ) | State File No.: 68808-2015 |
|     Employer, | ) | |
| And | ) | |
| Old Republic Ins. Co., | ) | Judge Thomas Wyatt |
|     Carrier. | ) | |

## COMPENSATION HEARING ORDER
## DISMISSING CLAIM WITH PREJUDICE

This claim came before the undersigned Workers' Compensation Judge on November 28, 2016, upon PCL Industrial Construction Co.'s (PCL's) Motion to Dismiss and, In the Alternative, Motion for Summary Judgment.[1] Bart Munyan did not file a response to PCL's motion or appear by telephone for the motion hearing.

PCL moved for dismissal of Mr. Munyan's claim under both the procedure set forth in Tennessee Code Annotated section 50-6-239(d)(4) (2015) and Tennessee Compilation Rules & Regulations 0800-02-21-.14(3) (2016), hereinafter referred to as the Rule .14(3) procedure, and Tennessee Rule of Civil Procedure 56 (2016). The focus of the dispositive motions is whether Mr. Munyan came forward at this stage of the claim with sufficient evidence to establish, under summary judgment standards, that his injuries arose primarily out of and in the course and scope of employment. For the reasons set

---

[1] The Court scheduled the November 28 hearing during an October 28 Status Conference conducted to set the response timelines for PCL's dispositive motions. Mr. Munyan participated in the Status Conference, during which the Court informed him of the requirement that he respond to the dispositive motions. The Court set forth the timelines scheduled during the Status Conference in an order issued October 28, a copy of which the Court Clerk served on Mr. Munyan. William Clayton, attorney for PCL, called in at the designated time for the November 28 hearing. When Mr. Munyan did not call at the scheduled time, the Court telephoned him at the number provided in his Petition for Benefit Determination. Mr. Munyan did not answer the call, but the Court left a voicemail message informing him of the scheduled hearing. In its message, the Court also provided Mr. Munyan the telephone numbers to call to participate in the hearing and told him the Court would proceed with the hearing in his absence if he did not call within five minutes. When Mr. Munyan did not call within the next five minutes, the Court conducted the hearing without his participation.

1

forth below, the Court concludes PCL is entitled to dismissal of Mr. Munyan's claim with prejudice to its refiling.

The Rule .14(3) procedure provides that, where a claim is denied on grounds of compensability following an Expedited Hearing, the employer may file a motion to dismiss the claim. Rule .14(3) itself provides that the injured employee shall file a response to the employer's dismissal motion within thirty days after its filing and, thereafter, the Court shall set the motion for a hearing. After hearing the parties' positions regarding the dismissal motion, the Court shall enter an "appropriate order."

On May 10, 2016, the Court conducted an in-person Expedited Hearing upon Mr. Munyan's request. During the hearing, the Court afforded Mr. Munyan the opportunity to introduce evidence in support of his claim the work conditions he encountered at PCL caused him to contract a medical condition that resulted in an off-work fall in which he suffered injuries. After considering the evidence introduced during the Expedited Hearing, the Court denied Mr. Munyan's claim for interlocutory relief on grounds of compensability. Specifically, the Court held at page 5 of its Expedited Hearing Order that:

> The law clearly places the burden on Mr. Munyan to prove, by expert medical proof, that he sustained disability and the need for medical care due to his alleged work-related-injury. He did not do so. . . . Accordingly, the Court finds Mr. Munyan did not establish that, at a hearing on the merits, he would likely prevail in showing that his fall arose primarily out of and in the course and scope of employment.

The Rule .14(3) procedure provides an efficient and expeditious means by which an employer, who successfully defended an employee's claim on grounds of compensability during an Expedited Hearing, may compel an employee to move forward in attempting to establish his claim. PCL invoked the procedure by filing its pending motion to dismiss and, thus, obligated Mr. Munyan to either move his claim forward by bringing forth expert medical opinion supporting the work-relatedness of his injuries or risk dismissal of his claim. The Court allowed Mr. Munyan more than the thirty days provided by Rule .14(3) to respond to PCL's motion; however, Mr. Munyan did not submit any response nor did he participate in the hearing scheduled to give him an opportunity to explain to the Court why it should not dismiss his claim.

In considering PCL's Motion to Dismiss under the Rule .14(3) procedure, the Court is mindful of the Workers' Compensation Appeals Board's decision in *Syph v. Choice Food Group, Inc.*, No. 2015-0600288, 2016 TN Wrk. Comp. App. Bd. LEXIS 18, at *21-22 (Tenn. Workers' Comp. App. Bd. Apr. 21, 2016). In *Syph*, the Appeals Board held:

2

> [W]hen an employer seeks dismissal of an employee's claim for workers'
> compensation benefits pursuant to Tennessee Code Annotated section 50-6-
> 239(d)(4) and/or Tennessee Compilation Rules and Regulations 0800-02-
> 21-.14(3), in circumstances where the trial court previously denied
> temporary disability or medical benefits on grounds of noncompensability,
> the trial court must treat the motion for dismissal as one filed pursuant to
> any applicable rule of the Tennessee Rules of Civil Procedure.

In light of the fact the determination of PCL's motion to dismiss requires the Court to look outside the pleadings filed in this claim, the Court will consider whether PCL is entitled to dismissal under the Rule .14(3) procedure in view of the standard applicable to motions for summary judgment under Tennessee Rule of Civil Procedure 56.

The Appeals Board considered the adjudicatory standard applicable to motions for summary judgment filed in the Court of Workers' Compensation Claims in *Payne v. D and D Electric,* No. 2014-01-0023, 2016 TN Wrk. Comp. App. Bd. LEXIS 21, at \*6-12 (Tenn. Workers' Comp. App. Bd. May 4, 2016). In *Payne,* the Appeals Board held the standards set forth in Tennessee Code Annotated section 20-16-101 (2015) apply to the determination of motions for summary judgment filed in a workers' compensation claim. Quoting the language of section 20-16-101, the Appeals Board held in *Payne* that a moving party who does not bear the burden of proof is entitled to summary judgment if that party "(1) [s]ubmits affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) [d]emonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Id.* at \*8. The Board also held that, in reviewing the factual record submitted for consideration in a summary judgment proceeding, the trial court is to consider the facts in the light most favorable to the opponent of summary judgment. *Id.* at \*12.

By its terms, the Rule .14(3) procedure is tied to the evidence submitted during an Expedited Hearing. During the Expedited Hearing, Mr. Munyan sought to establish the compensability of his claim by submitting records documenting the emergent treatment he received after his fall. The Court closely evaluated those records and found as follows at page 3 of the Expedited Hearing Order:

> Mr. Munyan testified he sought medical care at the emergency department
> of Skyridge Medical Center in Cleveland, Tennessee following the fall.
> The Skyridge records indicate Mr. Munyan arrived at 9:42 a.m. on March
> 22, 2015, complaining of facial swelling that occurred in a fall on March
> 21, 20 15. (Ex. 2 at 7.) The records indicate Mr. Munyan gave a history of
> falling "at home" and that he described a syncopal episode lasting three
> seconds as the reason he fell. A CT Scan of the maxillofacial region
> revealed Mr. Munyan had sinusitis and suffered "an acute fracture
> dislocation of the left temporal mandibular joint." The records do not

3

document that Mr. Munyan gave a history that conditions at work caused his illness or contributed to his fall.

Mr. Munyan's failure to come forward with expert medical opinion establishing a causal connection between the injuries he sustained in his fall and the conditions he encountered at work is fatal to his claim now that PCL has filed its Motion to Dismiss. The Court still has no medical evidence before it other than the emergency room records that Mr. Munyan submitted during the Expedited Hearing. Even considering those records in the light most favorable to Mr. Munyan's claim, the Court finds no evidence therein upon which Mr. Munyan can support a finding that his injuries arose primarily out of and in the course and scope of his employment. PCL's Motion to Dismiss and Mr. Munyan's failure to respond to it demonstrate "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *See* Tenn. Code Ann. § 20-16-101 (2015). That being the case, PCL is entitled to dismissal of Mr. Munyan's claim against it.

The Court next turns to the issue of whether it should dismiss Mr. Munyan's claim with or without prejudice to its refiling. In *Silas v. Brock Services*, No. 2014-02-0013, 2015 TN Wrk. Comp. App. Bd. LEXIS 35, at *12 (Tenn. Workers' Comp. App. Bd. Oct. 2, 2015), the Appeals Board affirmed a decision by the trial court to dismiss an employee's claim without prejudice. However, in *Silas,* the employee appeared during the oral hearing on the employer's Rule .14(3) dismissal motion to explain she did not, at that time, have the financial means to obtain the medical opinion needed to support her claim. In consideration of that fact, the trial court dismissed her claim without prejudice to its refiling.

Here, Mr. Munyan filed no response to PCL's dispositive motions, nor did he participate in the hearing scheduled for the oral presentation of his position to the Court. Rule 4.02(B) of the Practices and Procedures of the Court of Workers' Compensation Claims (2016) provides that, if a party does not file a response to a dispositive motion, the Court will consider the motion to be unopposed. In view of Mr. Munyan's lack of response to PCL's motions and his failure to participate in the hearing on the motion, the Court considers it appropriate to dismiss Mr. Munyan's claim with prejudice to its refiling. *See Syph, supra,* at *23, holding a dismissal with prejudice under the Rule .14(3) procedure was proper where the employee did not respond.

The Court is aware PCL also seeks summary judgment under Tennessee Rule of Civil Procedure 56. The Court holds its dismissal under the Rule .14(3) procedure pretermits the need to consider whether summary judgment is appropriate in this claim.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Munyan's claim is dismissed with prejudice to its refiling.

4

2. The Court taxes the $150 filing fee in this claim to PCL and/or its workers' compensation carrier pursuant to Rule 0800-02-21-.07 of the Bureau's Mediation and Hearing Rules (2016). PCL or its carrier shall promptly remit the filing fee to the Clerk of the Court of Workers' Compensation Claims.

3. PCL shall prepare and submit the SD-1 for this matter within ten days of the date of judgment.

**ENTERED this the 6th day of December, 2016.**

_____
**Thomas Wyatt, Judge**
**Court of Workers' Compensation Claims**

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Compensation Hearing Order to appeal the decision to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal your case to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk within thirty calendar days of the date the Workers' Compensation Judge entered the Compensation Hearing Order.

3. Serve a copy of the Compensation Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a filing fee in the amount of $75.00. Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. Failure to timely pay the filing fee or file the

Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.

5.      The party filing the notice of appeal, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within fifteen calendar days of the filing of the Compensation Hearing Notice of Appeal. Alternatively, the party filing the appeal may file a joint statement of the evidence within fifteen calendar days of the filing of the Compensation Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board. *See* Tenn. Comp. R. & Regs. 0800-02-22-.03 (2016).

6.      After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for review. At that time, a docketing notice shall be sent to the parties. Thereafter, the parties have fifteen  calendar days to submit briefs to the Appeals Board for consideration. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(3) (2016).

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Order must be final and you must comply with the Tennessee Rules of Appellate Procedure.  If neither party timely files an appeal with the Appeals Board, this Order will become final by operation of law thirty calendar days after entry pursuant to Tennessee Code Annotated section 50-6-239(c)(7).**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Compensation Hearing Order Dismissing Claim With Prejudice was sent to the following recipients by the following methods of service on this the 6th day of December, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Bart Munyan, self-represented | | | X | munyanb@yahoo.com |
| Ford Little and William Clayton, Attorneys | | | X | flittle@wmbac.com; bclayton@wmbac.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

7